UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | EDCV 25-02288-FLA (AS) | Date | January 12, 2026 |
|---|---|---|---|
| Title | Bryant Johnson v. City of Barstow | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings (In Chambers):**     **ORDER TO SHOW CAUSE RE SERVICE OF PROCESS ON DEFENDANT JORDYN JARA**

On August 28, 2025, Bryant Johnson, ("Plaintiff"), a California resident, proceeding *pro se*, filed a Complaint, pursuant to 42 U.S.C. § 1983, against the City of Barstow and Barstow Police Officers Louie Miranda and Jordyn Jara. (Dkt. No. 1). On October 16, 2025, the Court issued an Order re Civil Rights case, Order re Service of Process, Order directing service of Process by the United States Marshall, and summons for all defendants. (Dkt. No. 14-17). Plaintiff was provided these documents along with three blank Process Receipt and Return forms ("USM285 forms") to complete for each defendant, setting forth a name and address where each defendant could be served, together with any special instructions or other information that may assist in expediting service. (Dkt. No. 15 at 2). When the completed forms were returned to the Court, they were forwarded to the United States Marshall for service. (Dkt. Nos. 21-22). Defendants City of Barstow, Louie Miranda and Jordyn Jara were served on December 18, 2025.

On January 8, 2026, Defendant Jara filed a motion to quash the summons that was purportedly served on him, pursuant to Fed.R.Civ.P. 12(b)(5) and Rule 4(c). (Dkt. No. 28). Defendant Jara, who is specially appearing through counsel without submitting to the Court's jurisdiction, contends that the summons and complaint were improperly served on him by delivery to an Administrative Assistant in the Clerk's Office for the City of Barstow because Office Jara was not employed by the City of Barstow at the time of service and had not authorized the City Clerk or any City employee to accept service on his behalf. (Id., at 1-2). The motion is accompanied by the declaration of Maria Chavez, the administrative clerk who signed the USM 285 form for Defendant Jara, stating that she was not aware, at the time she received and signed the USM 285 form, that Jordyn Jara was no longer employed by the City of Barstow. See Dkt. No. 28-1. Declaration of Maria Chavez ¶4, Exh. A) Jara argues that because service was defective, the summons must be quashed. (Dkt. No. 28).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 25-02288-FLA (AS) | Date | January 12, 2026 |
|---|---|---|---|
| Title | Bryant Johnson v. City of Barstow | | |

    Rule 4(e) of the Federal Rules of Civil Procedure strictly limits how an individual may be served, and Rule 4(e)(2) states that an individual may be served in a judicial district of the United States by following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made, or by "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(e)(2).

    Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the Court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

    Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, in writing, by no later than **Monday, February 2, 2026.** why this action should not be dismissed without prejudice as to Defendant Jara for failure to complete service of the operative complaint in a timely manner. This Order may be discharged upon the filing of an amended USM-285 form ("Process Receipt and Return") and form notice of submission setting forth an address where defendant Jara can be served and any special instructions or other information to assist with service, or by filing a declaration under penalty of perjury stating why Plaintiff is unable to do so.

    The Clerk is directed to attach to this Order a copy of the Court's Order re service of process, dated October 16, 2025, (Dkt. No. 15), and provide Plaintiff with a USM-285 form, copies of the Order Directing Service, (Dkt. No. 16), and a form Notice of Submission.

    If Plaintiff no longer wishes to pursue this action against Defendant Jara, he may request a voluntary dismissal of this action against such Defendant without prejudice. See Fed. R. Civ. P. 41(a). A notice of dismissal form is attached for Plaintiff's convenience.

    Plaintiff is warned that a failure to timely respond to this Order may result in a recommendation that this action be dismissed as to Defendant Jara with prejudice for failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

cc: Fernando Aenlle-Rocha
    United States District Judge

                                                                               : 00

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 25-02288-FLA (AS) | Date | January 12, 2026 |
|---|---|---|---|
| Title | Bryant Johnson v. City of Barstow | | |

| | Initials of Preparer | AF |
|---|---|---|